Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID # 036232017
2220 N East Ave
Vineland, NJ 08360
(609) 319-5399
js@shadingerlaw.com
*Attorney for Plaintiff, Charlene Cheli*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CHARLENE CHELI, an Individual | |
| Plaintiff, | Case No. 1:24-cv-10983 |
| vs. | |
| RAMA KINJAL LLC, a New Jersey Limited Liability Company, | **COMPLAINT** |
| & | |
| VINELAND DOUNTS INC, a New Jersey Corporation, | |
| Defendants. | |

### Introduction

Plaintiff, CHARLENE CHELI, an individual, on her own behalf and on the behalf of all other similarly situated mobility impaired persons hereby sues the Defendants, RAMA KINJAL LLC, a New Jersey Limited Liability Company and VINELAND DONUTS INC, ("Defendants") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

1

**The Parties**

1.      Plaintiff, CHARLENE CHELI, is an individual over eighteen years of age and is otherwise sui juris. Ms. Cheli resides at 1380 Washington Avenue, Vineland, NJ 08361.

2.      Defendant, RAMA KINJAL LLC, owns a parcel of land which encompasses a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA and the LAD.

3.      Defendant, VINELAND DONUTS INC, operates a place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA and the LAD.

**Jurisdiction and Venue**

4.      Defendants' property/place of public accommodation – known as Dunkin' Donuts – is located at 709 E Chestnut Ave, Vineland, NJ 08360 (the "Property" or "Dunkin'").

5.      Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Property is located in and does business within this judicial district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

7.      Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

8.      The Defendants own, lease, lease to, and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA.  The Defendants are thus required

_____

[1] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202

to comply with the obligations of the ADA.[2]

9.    Plaintiff, CHARLENE CHELI, is an individual with disabilities – as defined by and pursuant to the ADA.   Ms. Cheli has been diagnosed with facioscapulohumeral muscular dystrophy and therefore has a physical impairment that substantially limits many of her major life activities[3] including, but not limited to, not being able to walk, stand, reach, or lift. Ms. Cheli requires, at all times, the use of a wheelchair to ambulate.

**Factual Background**

10.    Ms. Cheli is a staunch advocate of the ADA. Since becoming mobility impaired (and having to fully rely on the use of her wheelchair to ambulate) she has dedicated her life to the elimination of accessibility discrimination so that she, and others like her, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

11.    Ms. Cheli encounters architectural barriers at many of the places that she visits. Seemingly trivial architectural features such as parking spaces, curb ramps, and door handles are taken for granted by the non-disabled but, when improperly designed or implemented, can be dangerous to those in wheelchairs.

12.    The barriers to access that Ms. Cheli experiences at differing places of public accommodation are often similar in nature. For example, she is repeatedly faced with sloping in parking lots, improper curb ramps, abrupt changes of level within paths of travel, and non-accessible restrooms. She has become frustrated and disheartened by the repetitiveness of the

---

[2] 28 CFR § 36.201(a) and 28 CFR § 36.104
[3] as defined by 28 CFR § 36.105(b)(1-2)

complaints she has been forced to make to the employees and management at various establishments in the past; most often to no avail. Thus, she now finds her redress through the ADA; as Congress intended.

13.    Ms. Cheli has visited the Property on many occasions over the years, her last visit as a patron of the Property occurred on or about September 20, 2024.  Ms. Cheli visited the Property as a bone fide patron with the intent to avail herself of the goods and services offered to the public within but found that the Property was rife with violations of the ADA – both in architecture and in policy.

14.    Ms. Cheli shall return to the Property not only as a patron but also to monitor any progress made with to respect to ADA compliance – she sincerely hopes that her return visits are not made in vain.

15.    Ms. Cheli resides approximately 1.5 miles from the Property.

16.    Ms. Cheli has personally encountered exposure to architectural barriers and otherwise harmful conditions that have endangered her safety at the Property.

17.    The ADA has been law for over thirty (30) years and the Property remains non-compliant. Thus, the Ms. Cheli has actual notice and reasonable grounds to believe that she will continue to be subjected to discrimination by the Defendants.

18.    Ms. Cheli has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the Property as described but not necessarily limited to the barriers she has personally experienced which are listed in Paragraph 23 of this complaint.

19.    Following any resolution of this matter Plaintiff will ensure that the Defendants undertake the remedial work that is required to cure existing violations, under the appropriate standard and

4

in compliance with the ADA.

## COUNT I

### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

20.     Plaintiff realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

21.     The Defendants have discriminated against the Plaintiff, and other similarly situated mobility impaired persons, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by the ADA.

22.     A preliminary inspection of the Property has shown that violations of the ADA exist.  That inspection, performed by Plaintiff's expert, further revealed that the remediation of all violations/barriers listed in Paragraph 23 are both technically feasible and readily achievable.

23.     The following are architectural barriers and violations of the ADA that Ms. Cheli has personally encountered during her visits to the Property:

**Parking and Exterior Accessible Route**

   a.   The designated accessible parking spaces located at Dunkin' are not maintained, contain surface cracks, slopes beyond the allowable limits, and fail to provide an accessible route; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards.  These barriers have presented Ms. Cheli with a tipping hazard and could also cause damage to her wheelchair; to avoid these obstacles she has been forced to park away from the facility in a flat, maintained area, travel around obstacles, and then through the vehicular area of the parking lot in order to reach the facility.

b.  The designated accessible parking area at Dunkin' leads to an improper curb ramp which contains excessive sloping and impedes the access aisle; violations of the ADAAG and Sections 402 and 406 of the 2010 ADA Standards. When attempting to travel from the parking area to the entrance Ms. Cheli has been impeded by this curb ramp which endangers her safety and could cause damage to her wheelchair.

c.  The designated accessible parking area fails to provide a safe accessible route which leads from the accessible parking area to the facility entrance. The current route is impeded by excessive sloping and abrupt changes of level; a violation of the ADAAG and Section 502 of the 2010 ADA Standards. These conditions have presented Ms. Cheli with a tipping hazard which could cause a fall and damage to her wheelchair.

d.  The exterior accessible route throughout the Property is impeded by excessive cross-sloping and abrupt changes in level; in violation of the ADAAG and Section 402 of the 2010 ADA Standards.  Ms. Cheli has been impeded by the excessive sloping and abrupt changes of level while traveling through the Property – these conditions present a tipping hazard and could damage her wheelchair.

e.  The Property fails to provide the requisite number of fully compliant accessible parking spaces and van-accessible parking spaces (as well as the requisite number of access aisles and van access aisles), a violation of Section 502 of the 2010 ADA Standards. Due to the lack of accessible parking, Ms. Cheli has been forced to park away from the facility as detailed above so that she could freely access her vehicle.

f.  The Property fails to provide a compliant route to the adjacent street, sidewalk, and/or the public transportation route. Ms. Cheli has been precluded from accessing the Property from these points of entry due to the lack of an accessible route; a discriminatory omission which

limits her options for transportation and is a violation of ADAAG and Section 206.2.1 of the 2010 ADA Standards.

**Access to Goods and Services**

g.  Dunkin' may fail to provide the requisite number of accessible dining tables; in violation of the ADAAG and Section 902 of the 2010 ADA Standards. Due to the lack of an accessible table Ms. Cheli has not been able dine in a comfortable manner.

h.  Ms. Cheli could not access the restaurant without assistance due to a lack of latch-side clearance and sloping at the base of the door; violations of the ADAAG and Section 404 of the 2010 ADA Standards.

**Restrooms**

i.  The restrooms within Dunkin' are inaccessible to Ms. Cheli and contain architectural barriers to access including a lack of wheelchair maneuvering space; violations of the ADAAG and Section 601 of the 2010 ADA Standards. These barriers have prevented Ms. Cheli from freely using the restrooms.

j.  Entering the restroom at Dunkin' is impeded by improper door hardware; a violation of the ADAAG and Section 404 of the 2010 ADA Standards. Due to the improper door hardware Ms. Cheli has been unable to freely access the restroom.

24.  Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at

36 CFR § 1191, appendix B and D ("ADAAG"); and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.[4]

25.    The discriminatory violations described in Paragraph 23 may not be an exhaustive list of the ADA violations that exist at the Property, but they are the result of a preliminary inspection conducted by the Plaintiff (and her expert) and include all those personally experienced by Ms. Cheli.  Plaintiff requires thorough inspection of the Defendants' place of public accommodation in order to photograph and measure the architectural barriers which exist at the Property in violation of the ADA/LAD.

26.    Plaintiff, and other mobility impaired persons, will continue to suffer discrimination, injury and damage without the immediate relief provided for by the ADA and requested herein.

27.    Defendants have discriminated against Plaintiff, and other mobility impaired persons, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

28.    Defendants continue to discriminate against Plaintiff, and other mobility impaired persons, by failing to remove architectural barriers, and communication barriers that are structural in nature.[5]

29.    Defendants continue to discriminate against Plaintiff, and other mobility impaired persons, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages,

---

[4] 28 CFR § 36.104
[5] 42 U.S.C. § 12181(b)(2)(A)(iv)

or accommodations to individuals with disabilities.[6]

30.    Defendants continue to discriminate against Plaintiff, and other mobility impaired persons, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[7]

31.    If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[8] then the Defendants' facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

32.    Pursuant to 28 CFR § 36.402(a)(1) "any alteration" made to the Property after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Property are readily accessible to and usable by individuals with disabilities, including individuals, like Ms. Cheli, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[9] Discovery in this matter will reveal if and when such alterations have taken place at the Property, and to what corresponding technical and scoping specification the Defendants must meet/exceed to bring the Property into compliance with the ADA.

33.    Pursuant to 28 CFR § 36.304(a) the Defendants shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

---

[6] 42 U.S.C. § 12181(b)(2)(A)(ii)

[7] 42 U.S.C. § 12181(b)(2)(A)(iii)

[8] as defined by 28 CFR § 36.401(a)(2)

[9] 28 CFR § 36.402(a)(2)

34.     28 C.F.R. § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element – that has not been altered – must comply with or be modified to meet. Those are defined as follows:

  a.  Elements that have not been altered since on or after March 15, 2012, must comply with the 1991 Standards.

  b.  Elements that have existed prior to and have not been altered since on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with either the 1991 Standards or the 2010 Standards.

  c.  Elements that have been altered on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with the 2010 Standards.

35.     Plaintiff has expressed to employees at the Property that barriers to access exist thereupon. However, Plaintiff is not required to notify the Defendants of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Plaintiff has found that voicing concerns to employees and management, making phone calls, and writing letters is futile. In her experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

36.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted. The public interest would not be disserved by the issuance of a permanent injunction.

37.     Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff is entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendants.

38.     Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Plaintiff

injunctive relief, including an order to require the Defendants to alter the Property and make such readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as the Defendants cure all violations of the ADA.[10]

**WHEREFORE,** Plaintiff respectfully demands;

a. The Court issue a Declaratory Judgment determining that the Defendants are in violation of Title III of the ADA.

b. Injunctive relief against the Defendants including an order to (1) cure all ADA violations existing at the Property listed herein and those later found through discovery within the next six months; (2) to make the Property accessible to and usable by individuals with disabilities; and (3) to require the Defendants to make reasonable modifications in policies, practices or procedures, to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An Order requiring the Defendants to cease its discriminatory practices and to maintain the requisite accessible features at the Property – as required by the ADA.

d. An award of attorney's fees, costs, and litigation expenses (including expert fees and costs) pursuant to 42 U.S.C. § 12205.

e. Such other relief as the Court deems just and proper and is allowable under Title III of the ADA.

## COUNT II

---

[10] 42 U.S.C. § 12188(b)(2)

**Violation of New Jersey Law**
**Against Discrimination, N.J.S.A. 10:5-1 <u>et</u> <u>seq.</u>**

39.    Plaintiff realleges and incorporates, by reference, all of the allegations contained in all of the preceding paragraphs.

40.    The Property is a place of public accommodation as defined by N.J.S.A 10:5-5.

41.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.[11]

42.    As set forth above, the Defendants have violated the LAD by denying Ms. Cheli, and all other mobility impaired persons, the full and equal enjoyment of the goods, facilities, services, and accommodations available at the Property.

43.    As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Ms. Cheli has sustained bodily injury in the form of emotional distress, mental anguish, dignitary harm, and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully demands;

    a.   That this Court assume jurisdiction.

    b.   The Court issue a Declaratory Judgment determining that the Defendant is in violation of the LAD.

    c.   An injunction ordering Defendants to immediately comply with the LAD by removing all architectural barriers listed herein or later found through discovery.

    d.   A monetary award consisting of the individual Plaintiff's damages – to the maximum

---

[11] Pursuant to N.J.S.A 10:5-4

extent permitted, attorney's fees, and litigation expenses; including expert's fees and costs.

e.  An order requiring the Defendants to cease discriminatory practices and to maintain the

requisite accessible features at the Property – as required by the LAD.

f.  Other relief that this Court deems just and proper and is allowable under the LAD.

Respectfully submitted on this 9th day of December 2024,

*/s/ Jon G. Shadinger Jr.*
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
2220 N East Ave
Vineland, NJ 08360
(609) 319-5399
js@shadingerlaw.com
*Attorney for Plaintiff, Charlene Cheli*